UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORTNEY WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-1673 JCH |
| ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas pursuant to 28 U.S.C. § 2241. Petitioner seeks an order from the Court directing the Bureau of Prisons ("BOP") to recalculate his federal sentence in order to credit him with his pre-trial jail time.[1] The Court must dismiss petitioner's application for relief because he has failed to exhaust his administrative remedies.

Petitioner pled guilty to two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Ward*, 4:15CR38 AGF (E.D.Mo.). On October 13, 2015, the Court sentenced petitioner to a prison term of seventy months' imprisonment (Counts I and II to be served concurrently) and two years' of supervised release. Petitioner's federal sentence was to run consecutively with any sentences imposed in the Circuit Court for St. Louis, Missouri, under Docket Nos., 1422-CR00112-01 and 1522-CR01777-01.

Petitioner contends that his "jail time" was not credited by the Bureau of Prisons in his "confinement towards his sentence." Petitioner also insists that "the law for his conviction has

---

[1] Petitioner also requests a recalculation of his federal sentence based on "new law passed by Congress." If petitioner seeks to overturn his conviction based on a "new law," his remedy falls under 28 U.S.C. § 2255. The Court will instruct the Clerk of Court to provide petitioner with a court-form for filing motions to vacate pursuant to 28 U.S.C. § 2255.

changed by Congress retroactively to reduce the number of months he could receive" for his crimes.

As noted in the footnote referenced above, petitioner's request relating to a "new law" of Congress and its retroactive effect on his conviction and sentence should be brought in the context of a motion to vacate pursuant to 28 U.S.C. § 2255. Therefore, the Court will provide petitioner with a blank form in order to pursue his claims under § 2255.

Petitioner's claims that he was not awarded "jail time" credit by the BOP, however, are not properly before this Court because it does not appear that such claims have been administratively exhausted. Administrative procedures exist within the BOP for resolution of claims such as this one. *See Rogers v. United States,* 180 F.3d 349, 358 (1st Cir.1999) ("Once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination, by filing a habeas petition under 28 U.S.C. § 2241.") (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. §§ 542.10-542.16). "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States,* 577 F.3d 943, 946 (8th Cir. 2009).

Petitioner does not allege that he exhausted his available administrative remedies before bringing his "jail-time credit" claims in this action. As a result, petitioner is not entitled to relief on those claims.

Accordingly,

**IT IS HEREBY ORDERED** that the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 relating to petitioner's "jail-time credit" claims is **DENIED AND DISMISSED due to petitioner's failure to exhaust his administrative remedies**.

**IT IS FURTHER ORDERED** that to the extent petitioner wishes to pursue claims relating to a "new law" of Congress and its retroactive effect on his conviction, he must bring those claims in an action brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a blank form for filing a motion to vacate pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 22nd day of June, 2017.

/s/ Jean C. Hamilto
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE